EL PUEBLO, DEMANDANTE Y APELADO, *v.* PORTO RICAN AMERICAN TOBACCO COMPANY, ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción a la Ley de Salario Mínimun.

No. 1516.—Resuelto en abril 29, 1921.

SALARIO MÍNIMUM—TRABAJO POR AJUSTE—CONSTITUCIONALIDAD DE LA LEY DE SALARIO MÍNIMUM.—La Ley de Salario Mínimum de junio 9, 1919, no es anticonstitucional y fué la intención de la Legislatura que la ley comprendiera trabajo por ajuste así como trabajo por hora y fijar un tipo mínimo de compensación por tal trabajo.

ID.—CONVENIO SOBRE PRECIO DEL TRABAJO POR AJUSTE.—Un acuerdo fijando el precio del trabajo por ajuste adoptado entre una corporación y sus operarias mediante gestión de un comité de arbitraje nombrado a instancia de la legislatura, no puede considerarse como una enmienda o interpretación de la Ley de Salario Mínimum.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Muñoz Morales.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Porto Rican American Tobacco Company fué declarada culpable de una infracción a la Ley del Salario Mínimum por virtud de una estipulación de hechos probados que contiene lo siguiente:

"(a) Que la operaria Emilia Alvarez que es una mujer mayor de 18 años de edad y no está en período de aprendizaje trabajó en los talleres de la acusada Porto Rican American Tobacco Company en la semana comprendida desde el 19 al 25 de septiembre del pasado año 1919 y su trabajo consistía en filetear cajas para envasar tabacos, y que en esa semana ganó por ese trabajo una cantidad menor de $6.00 semanales.

"(b) Que la corporación acusada no se dedica a la agricultura ni a las industrias agrícolas.

"(c) Que la operaria Emilia Alvarez hacía trabajo de fileteado de cajas por ajuste, unas cajas a razón de 60 centavos el ciento y otras a razón de 58 centavos el ciento, según la clase, y que al final de la semana se le pagaba con arreglo al número de cajas que había filetcado al precio estipulado, y no con arreglo al número de horas que invirtiera en el trabajo.

"(d) El tipo de precio a que se pagaba y aún se paga el fileteado de esas cajas fué convenido entre la corporación demandada y las operarias por medio de la Comisión de Arbitraje en virtud del acuerdo celebrado a propuesta del Comité Legislativo de ambas Cámaras, del del Comité en representación de los trabajadores en huelga, y la Porto Rican American Tobacco Company y cuyo acuerdo fué firmado por dicho Comité Legislativo, por el Comité de huelga y por los oficiales de la corporación con fecha 12 de julio del pasado año 1919.

"(e) Que en el taller de la corporación acusada donde la operaria Emilia Alvarez verificó su trabajo hay empleadas constantemente sesenta operarias que hacen la misma clase de trabajos al mismo tipo de precio y que todas esas operarias a excepción de tres o cuatro, han hecho siempre y hacen una cantidad de trabajo cuyo valor excede en mucho a $6 semanales.

"(f) Que todas las operarias empleadas en el mismo taller tienen el mismo tiempo y la misma oportunidad para hacer el trabajo que rinda, y que esta cantidad de trabajo está en proporción directa de la práctica y habilidad de la operaria.

"(*g*) Que el taller está abierto desde las 7 hasta las 11 de la mañana y desde las 12 hasta las 4 de la tarde, pero las operarias pueden entrar y salir y algunas entran y salen después o antes de las horas indicadas porque no se les lleva record de tiempo.

"(*h*) Que ese trabajo por ajuste o por tarea en la forma indicada se viene haciendo en los talleres de la corporación acusada desde que se instaló en esta Isla hace próximamente veinte años y en la misma forma se hace en los demás talleres de la Isla que no pertenecen a la acusada."

Los siguientes son los errores que han sido alegados:

"1. La corte sentenciadora cometió error al considerar como válida constitucionalmente la ley número 45 de 9 de junio de 1919 fijando el mínimo de jornal para las mujeres trabajadoras.

"2. La corte sentenciadora cometió error al no reconocer la distinción establecida entre el salario que se paga por tiempo de trabajo (*time work*) y el que se paga por unidad de trabajo (*piece work*).

"3. La corte sentenciadora incurrió en error al considerar que la Ley No. 45 de 9 de junio de 1919 comprende el sistema de trabajo por cantidad (*piece-work*).

"4. La corte sentenciadora cometió error al declarar culpable a la corporación acusada de infracción a la citada Ley de Salario Mínimum.

"5. La corte sentenciadora cometió error al no reconocer como una comisión oficial con fecha posterior a la aprobación de la ley, había fijado el tipo o valor de unidad de trabajo por tarea.

"6. Asímismo incurrió en error la corte inferior al declarar culpable a la acusada y al no reconocer que el tipo fijado por la Comisión como pago de unidad de trabajo da un promedio mucho mayor que el fijado por la ley como pago de tiempo.

"7. La corte sentenciadora cometió error al no considerar que en el trabajo por ajuste o a destajo (*piece-work*) no puede fijarse salario mínimo semanal; y al declarar culpable a la acusada bajo ese fundamento."

En el caso de *El Pueblo* v. *Alvarez,* 28 D. P. R. 936, este tribunal resolvió que la Ley de Salario Mínimum era constitucional y que comprende trabajo por ajuste. La decisión en ese caso resuelve todas las cuestiones promovidas en este

caso con excepción de la indicada en el quinto señalamiento
de error. En verdad que el alegato de este caso se encon-
traba en la corte a la fecha de nuestra anterior decisión, y
no contiene nada, con la sola excepción que acaba precisa-
mente de indicarse que entonces no hubiera recibido la debida
consideración.

El razonamiento bajo el quinto señalamiento de error se
funda en la estipulación *"d"* de los hechos probados, *supra,*
y la teoría es, primero, que el acuerdo a que de tal modo se
llegó es una interpretación auténtica de la ley que establece
una diferencia entre trabajo por hora y trabajo por ajuste;
y segundo, que examinado desde otro punto de vista, el arre-
glo oficial concertado puede ser considerado como que suple
una deficiencia de la ley en cuanto a que determina el precio
a que debe pagarse el trabajo por ajuste de la clase envuelto
en este caso.

El argumento, pues, resulta inmediatamente demasiado
amplio para su fundamento pues aparte de la escasa infor-
mación que contiene la subdivisión *"d" supra,* no tenemos
conocimiento alguno de la naturaleza y alcance de las facul-
tades conferidas a la comisión en cuestión. No entendemos
ni el apelante trata de explicar cómo puede ser que un tipo
para trabajo por ajuste fijado mediante un acuerdo que ha
sido firmado en la forma indicada en la subdivisión citada
en último término, o el convenio a que de tal modo se llegó
sin más nada, pueda ser considerado ya como una enmienda
a la ley o como una interpretación de la misma que excluye
trabajo por ajuste de la clase en cuestión y obligatorio en
este sentido para las cortes.

Si como hemos resuelto la intención de la Legislatura fué
incluir el trabajo por ajuste y decretar no una ley fijando
un promedio de salario, sino como indica su título, una Ley
de Salario Mínimum, entonces la presunción más bien pare-
cería ser que la ley así decretada fué entendida por la Com-

pañía de Tabaco así como por las otras partes en la estipulación, en el sentido de que comprende trabajo por ajuste y que fija un tipo mínimo de compensación por tal trabajo, y que estaba en la mente de todas las partes interesadas a la fecha de firmarse dicho convenio y forma parte del mismo.

No pudiendo esta corte estar de acuerdo con el apelante en cuanto a este punto y habiendo sido ya resueltas adversamente las otras cuestiones presentadas, la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.